# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIANO G. LOPEZ, | Case No.: 3:17-cv-00732-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 25 |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Appointment of Interpreter and/or for Appointment of Counsel (ECF No. 25). Defendants have opposed the motion (ECF No. 29) and Plaintiff has replied (ECF No. 32).[1]

## I. Appointment of Counsel

District Judge Robert C. Jones' Screening Order discussed Plaintiff's motion for appointment of counsel which Plaintiff filed at the commencement of this action. In denying Plaintiff's motion, District Judge Jones stated:

> "Plaintiff has filed a motion for appointment of counsel. (ECF No. 1-2). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro*

---

[1] Present with Plaintiff at the hearing was Plaintiff's inmate legal assistant Timothy Johnson and an English-Spanish speaking inmate Carlos Ruiz. Plaintiff expressed no opposition to the presence of either Johnson or Ruiz and waived any confidentiality pertaining to his medical records as to those fellow inmates.

1

> *se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

(ECF No. 3 at p. 8, ll. 12-23.)

While Plaintiff admittedly has difficulties facing him in the prosecution of this action because of his apparently limited familiarity with the English language, to date he has been adequately assisted by certain inmate assistants, i.e., Mr. Johnson at present. Mr. Johnson stated that he will be an inmate at the same NDOC facility as Plaintiff for the foreseeable future. Therefore, there appears to be an ability for Plaintiff to articulate his claims via his inmate assistant.

Plaintiff, however, has also not addressed at all the second of the *Palmer* requirements, i.e., the likelihood of success. The court at the hearing on Plaintiff's motion discussed with Plaintiff the nature of his claims and also heard from Defendants' counsel about Defendants' interpretation of Plaintiff's allegations. From that discussion the court, like Judge Jones previously ruled, cannot find that Plaintiff is likely to succeed on the merits.

## II. Interpreter

Plaintiff's motion also sought the court to appoint an interpreter at court expense. Plaintiff's inmate assistant, Mr. Johnson who helped prepared Plaintiff's filings regarding Plaintiff's attempt at securing an interpreter, stated he was unaware of any authority which allows a District Court to appoint counsel in a civil action instituted by the inmate, such as Plaintiff herein.

In *Nguyen v. Qualcomm, Inc.*, No. 09-CV-1925-MMD (WVG), 2013 WL 12061829, at *1 (S.D. Ca. Sept. 11, 2013), the court stated:

> Although the court acknowledges the linguistic difficulties that Plaintiff may face in this action, Plaintiff has not demonstrated that the Court has

2

the authority to appoint an interpreter to assist her at trial. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress …." *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). "The Court is unaware of any statute authorizing the expenditure of public funds to appoint an interpreter in a civil action for the purpose of translating the proceedings to a party." *Hale v. Vacaville Housing Authority*, 2010 WL 318375, at *2 (E.D. Cal. 2010).

Fed. R. Civ. P. 43 does not authorize the court to appoint interpreters for litigants in civil cases for the purpose of translating the overall proceeding. *See Loyola v. Potter*, 2009 WL 1033398, at *2 (N.D. Cal. April 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); *Hale*, 2010 WL 318375 at *2 ("[P]laintiff has not shown that this court has the authority to appoint her an interpreter.").

Other cases have come to the same conclusion. *See Gonzalez v. Bopari*, No. 1:12-CV-01053-LJO, 2012 WL 6569776, at *2 (E.D. Cal. Dec. 17, 2012) (denying pro se inmate's motion for court appointed interpreter because there is no statutory authority to appoint an interpreter in civil cases); *Ali v. Gerry*, No. 12-CV-185-JL, 2012 WL 4848889, at *2 (D.N.H. Oct. 10, 2012) ("There is no constitutional right to free interpreter services in federal civil cases.").

The United States Supreme Court has generally stated that although Congress provided relief for a violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996). Absent specific authorization to appoint an interpreter, the court denies Plaintiff's motion in this respect as well.

## III. CONCLUSION

Plaintiff's Motion for Appointment of Interpreter and/or Appointment of Counsel (ECF No. 25) is **DENIED**.[2]

**IT IS SO ORDERED.**

DATED: September 17, 2019.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff Lopez was directed to make application to review his medical records. Deputy Attorney General Hough expressed no objection to interpreter Ruiz assisting Plaintiff with regard to the medical records review. The court requested Deputy Attorney General Hough to make arrangements for Mr. Johnson to be present for the records review as well.

4