# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

VICTORIANO LOPEZ,

    Plaintiff

v.

NEVADA DEPARTMENT OF
CORRECTIONS, et. al.,

    Defendants

Case No.: 3:17-cv-00732-RCJ-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 78, 79

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Leave to File First Amended Complaint (FAC) (ECF No. 79) and proposed FAC (ECF No. 78). Defendants filed a response. (ECF Nos. 83, 83-1, 85-1.) Plaintiff filed a reply. (ECF No. 91.)

After a thorough review, it is recommended that Plaintiff's motion be granted in part and denied in part: Plaintiff's motion should be granted insofar as he seeks to amend to correct the factual basis of the Eighth Amendment claim that the court previously allowed to proceed on screening, and to add Dr. Michael Minev as a defendant in his official capacity; however, the motion should be denied as to his request to add the NDOC as defendant and assert claims against NDOC under the Eighth Amendment and the Americans with Disabilities Act (ADA).

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action. The events giving rise to this action took place while Plaintiff

was housed at Lovelock Correctional Center (LCC). The court screened Plaintiff's original complaint and allowed him to proceed with a single claim under the Eighth Amendment for deliberate indifference to his serious medical need against Dr. Kim Adamson and NDOC's (former) Medical Director Dr. Romeo Aranas. (ECF No. 3.) The claim is based on the allegations in the original complaint that Plaintiff had eye surgery and ten surgical sutures were left in his eye for over seven months. He asserted that the Defendants knew about this, and refused to remove the sutures, resulting in Plaintiff having a festered infection, causing pain and vision loss. Plaintiff claimed that when he complained about his vision loss, Dr. Adamson changed Plaintiff's diagnosis to cataracts and then to keratitis. (ECF No. 4.) All claims against NDOC were dismissed because it is an arm of the state and not a person for purposes of section 1983. (ECF No. 3 at 3, n. 1.)

Defendants Drs. Adamson and Aranas filed an answer to the complaint on July 18, 2019. (ECF No. 22.) The court issued its first scheduling order the same date, setting the deadline to add or join parties and to file any amendments to pleadings as September 16, 2019. (ECF No. 23 at 1-2.) On October 7, 2019, the court granted Plaintiff's motion for an extension of the scheduling order deadlines, and extended the deadline to add or join parties and to amend a pleading to November 15, 2019. (ECF No. 38 at 1.) Counsel was appointed for Plaintiff for the limited purpose of addressing his motion to be able to review and keep his medical records in his cell (during the pendency of the litigation of his Eighth Amendment claim). (ECF No. 51.) Following briefing on that issue, the court ruled that Plaintiff could possess his medical records in his cell for the duration of his litigation involving his medical care claim. (ECF Nos. 64, 65.)

On July 7, 2020, the court extended the scheduling order deadlines, and set the deadline to add or join a party or amend a pleading to September 4, 2020. (ECF No. 68.) Plaintiff subsequently filed a motion to extend the deadline to complete discovery, and on September 11, 2020, the court granted the motion, extending the discovery, dispositive motions and joint pretrial order deadlines to December 5, 2020, January 4, 2021, and February 3, 2021, respectively. (ECF No. 77.) Plaintiff's motion did not request an extension of the deadline to add or join a party or to amend a pleading, and as such, the further amended scheduling order did not contain an extended deadline with respect to those issues.

Plaintiff subsequently filed this motion for leave to file the FAC and proposed FAC. (ECF Nos. 78, 79.) Plaintiff seeks leave to file the FAC to: (1) correct the factual allegations surrounding his Eighth Amendment claim against Drs. Adamson and Aranas because the inmate assistant who drafted his original complaint made a mistake; (2) add NDOC's new Medical Director, Dr. Michael Minev (Dr. Aranas' successor) as a defendant in his official capacity insofar as he seeks injunctive relief; (3) add NDOC back in as a Defendant and assert claims under the Eighth Amendment and the ADA against NDOC.

## II. DISCUSSION

### A. Standard for Leave to Amend

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

1  "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

2  Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is

3  sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource*

4  *Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

5  Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order

6  deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15."

7  *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 952 (9th Cir. 2006). Instead, the

8  movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*.

9  (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good

10  cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad

11  discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive

12  effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of

13  discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist*., 654 F.3d 975, 984 (9th Cir.

14  2011), *cert. denied*, 132 S.Ct. 1566 (2012).

15  "A court's evaluation of good cause is not coextensive with an inquiry into the propriety

16  of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609

17  (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s

18  liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the

19  diligence of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is

20  upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting

21  Johnson, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and

22  offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

23

4

**B. Amendment Beyond the Scheduling Order Deadline**

The latest extended deadline to add or join a party and to amend a pleading was September 4, 2020. (ECF No. 68.) Plaintiff filed his motion for leave to amend on October 28, 2020, nearly two months after the expiration of the deadline. Therefore, Plaintiff must demonstrate good cause as to why amendment should be allowed after the deadline.

The court finds that good cause exists for amending to correct the factual allegations that give rise to the Eighth Amendment claim against Drs. Adamson and Aranas. In his original complaint, it was alleged that Plaintiff had ten sutures left in his eye for over seven months which resulted in his contracting an infection. Plaintiff asserts that the inmate who prepared his original complaint made a mistake in the factual allegations. In the FAC, Plaintiff alleges: he received surgery for glaucoma in 2012, and after the surgery a stitch was left in his eye for more than four months; he was subsequently diagnosed with having cataracts; he requested treatment for the cataracts and Dr. Adamson told him they would take care of themselves within a couple of weeks; Plaintiff then asked to see an eye doctor, and was told he would be scheduled; Dr. Aranas responded to the second level grievance Plaintiff filed on the issue that Plaintiff had been seen by the optometrist on August 28, 2018, who diagnosed Plaintiff with keratitis (inflammation of the cornea) and prescribed prednisone acetate. Plaintiff alleges that Dr. Aranas ignored Plaintiff's complaints of pain from the suture being left in his eye for four months, which caused constant pain and itching, and resulted in loss of sleep, being sensitive to bright light, bloodshot eyes, blurry vision, and the feeling of a foreign object being trapped in his eye.

Considering that another inmate made a mistake in his original pleading, coupled with the fact that Plaintiff is not proficient in English, and did not have a chance to review his medical records with another inmate acting as his interpreter until not long before this motion was filed,

1    the court finds there is good cause to justify amendment to correct the allegations that form the

2    basis of the Eighth Amendment claim against Dr. Adamson and Dr. Aranas.

3          In addition, Dr. Minev is automatically substituted in as Dr. Aranas' successor in his

4    official capacity under Federal Rule 25(d); therefore, amendment to reflect this change is also

5    appropriate.

6          Plaintiff has not, however, set forth good cause to amend to add NDOC back in as a

7    defendant at this late juncture or for adding the Eighth Amendment and ADA claims against

8    NDOC. NDOC was originally named as a defendant and was dismissed from this case with

9    prejudice in the court's screening order on October 1, 2018. Plaintiff provides no explanation for

10   why he did not seek to add NDOC back in as a party or assert these claims against it earlier. For

11   that reason, his motion to amend to add NDOC and the Eighth Amendment and ADA claims

12   against it should be denied. Even if Plaintiff had timely requested leave to amend to add NDOC

13   and these claims, the court finds that amendment would be futile, and the motion should be

14   denied as to NDOC and those claims for this additional reason.

15         The FAC alleges that Medical Directive (MD) 728 sets out the criteria to consider in

16   deciding whether to grant or deny an inmate outside care, and contains various factors that the

17   panel considers in making this determination. It lists corneal transplants as an example of

18   medically acceptable conditions that are not always necessary. Plaintiff alleges that seeing is a

19   major life activity under the ADA, and the ADA prohibits government agencies from

20   discriminating against a person with a disability. Plaintiff avers that NDOC, through its policies,

21   was deliberately indifferent to Plaintiff's vision disability and intentionally discriminated against

22   him by changing his diagnosis at will.

23

Insofar as Plaintiff seeks to assert an Eighth Amendment claim against NDOC based on its administration of MD 728, the court has already dismissed NDOC with prejudice because it is not a "person" subject to suit under section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 (9th Cir. 2003) ("It is well established that agencies of the state are immune under the Eleventh Amendment from private damages *or suits for injunctive relief* brought in federal court."). Therefore, Plaintiff may not proceed with an Eighth Amendment claim under section 1983 against NDOC.

To assert a claim for violation of Title II of the ADA, a plaintiff must allege: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g en banc* (Oct. 11, 2011). The Supreme Court has confirmed that state prisons qualify as a public entity under Title II of the ADA. *See United States v. Georgia*, 546 U.S. 151, 154 (2006) (citation omitted); *Pennsylvania. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998).

Plaintiff's allegation is that he was discriminated against because his diagnosis was changed, but he does not include allegations or any sort of explanation as to how a change in diagnosis amounts to discrimination. For this additional reason, Plaintiff's motion for leave to amend to add an ADA claim against NDOC should be denied. *See Amerisource,* 465 F.3d at 951 (leave to amend need not be given where amendment would be futile).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING IN PART AND DENYING IN PART** Plaintiff's motion for leave to amend (ECF No. 78). The motion should be **GRANTED** only insofar as Plaintiff corrects the factual allegations concerning the Eighth Amendment claim against Drs. Adamson and Aranas, and insofar as he seeks to add Dr. Minev as a defendant in his official capacity (which is appropriate under Fed. R. Civ. P. 25(d)). The motion should be **DENIED** insofar as Plaintiff seeks to add NDOC as a defendant and assert Eighth Amendment and ADA claims against NDOC.

IT IS FURTHER RECOMMENDED that Drs. Adamson and Aranas be given 21 days from the date of any order adopting this report and recommendation to file a responsive pleading to the FAC, and that the deadline to file dispositive motions be set for 60 days after any order is entered adopting this report and recommendation.[1]

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

---

[1] The discovery deadline has expired. Plaintiff states in his reply that he does not need to conduct any further discovery. If Defendants need to conduct any further discovery in light of the filing of the FAC, they may immediately file a motion to reopen discovery, specifically asserting what discovery they need to undertake and why it was not completed before expiration of the prior deadline.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 13, 2021

_____
William G. Cobb
United States Magistrate Judge